**In re David E. and Mary H. KINCHLA, Debtor.**

**LAWRENCE SAVINGS BANK, Plaintiff,**

v.

**David E. and Mary H. KINCHLA, Defendant.**

**BAYBANK, INC., Plaintiff,**

v.

**David E. and Mary H. KINCHLA, Defendant.**

**Bankruptcy No. 92–10034.**
**Adv. Nos. 92–1050, 92–1048.**

United States Bankruptcy Court, D. New Hampshire.

March 19, 1993.

**104**

Peter G. Shaheen, North Andover, MA for BayBank, Inc.

Christopher J. Seufert, Franklin, NH for David and Mary Kinchla.

Steven Darr, c/o Ernst & Young, Boston MA, Trustee.

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

■ These adversary proceedings came before this court on the call for a one-day trial on March 16, 1993. This trial date was set by pretrial orders entered June 19, 1992. All-day trial dates are difficult to obtain on this Court's crowded calendar and therefore continuances are not lightly granted because they, in effect, deny other litigants their opportunity for appropriate trial dates. The plaintiffs appeared at the call of the trial with their witnesses ready to proceed. The debtor-defendants appeared through counsel with a representation that the debtors were unable to travel to New Hampshire for this trial date due to the recent snowstorm this past Saturday and Sunday. Counsel proffered a fax message from his clients to that effect. The Court, however, did not accept that brief and facile statement by the debtors as sufficient to justify a continuance of the trial. The Court is aware from press reports that Logan Airport in Boston reopened during Sunday and it is not apparent that the debtors' original flights though delayed or cancelled would not have put them in a priority position for later flights on Sunday or Monday. Moreover, there is no indication that they pursued any alternative ground transportation opportunities. The Court, accordingly, received proffers of the evidence and testimony of witnesses from the plaintiffs in support of the entry of default judgments.[1]

Upon the proffers and showing by the plaintiffs as to what their witnesses would testify to, and the documentary evidence available, and upon taking judicial notice of matters of record in this bankruptcy file as well as in the related bankruptcy filing of the Mary H. Kinchla Realty Trust, BK No. 91–12616, in this Court, the plaintiffs have shown the following chronology of transactions and events involving these bankruptcy debtors:

(1) On May 28, 1991, after a note came in default to Lawrence Savings Bank earlier in 1991, David Kinchla pledged a Smith Barney brokerage account having a $22,-500 value to cover the corporate debt of a plumbing company that he operated. David Kinchla himself was not obligated on the note and debt in question.

(2) On September 9, 1991, the debtors caused to be filed a chapter 11 petition for the Mary H. Kinchla Realty Trust.

(3) It became apparent after the filing of the trust bankruptcy proceeding that the creditors of the trust would proceed independently against Mary and David Kinchla on their personal guarantees and that it would be necessary for them to file individual cases. (Objection to motion to convert, Court document No. 9, paragraph one, filed March 13, 1992).

(4) On September 11, 1991, The Lawrence Savings Bank filed a petition for attachment with notice against David and Mary Kinchla on September 11, 1991 with regard to their unpaid debt.

(5) On October 21, 1991, the debtors transferred a three-acre parcel of land located in Kingston, New Hampshire to their son with no cash consideration but taking back a $30,000 note and mortgage from the son. Appraisal indicates the value of that property at $48,000.

(6) On October 22, 1991, the debtors transferred a condominium apartment in

---

1. While it is open for the defendants to file a motion to set aside these default judgments any such motion will have to be accompanied by affidavits detailing in full their efforts to secure transportation travel to New Hampshire for this trial date.

Deerfield Beach, Florida to their daughter with no cash consideration but taking back a $60,000 note and mortgage from the daughter. Appraisal shows the value of the property to be $95,000. The condominium apartment before and after this transfer has been used for family purposes in which all family members, including these debtors, have been and continue to be able to use the condominium apartment for vacations and other purposes.

(7) On November 19, 1991, David Kinchla transferred a half-interest in a residential property located in East Kingston, New Hampshire to his mother, who was a joint owner with the debtor prior to the transfer. The asserted consideration for the transfer was that the mother would assume a $17,000 debt owing to Fleet Bank. The assessment on the property by the town was in the amount of $88,000 at the time of the transfer. The mother was already jointly liable with David Kinchla on the Fleet Bank debt.

(8) On January 6, 1992 the debtors filed their present bankruptcy cases.

The foregoing showing by the plaintiffs establishes a prima facie case of transfers with intent to hinder, delay or defraud creditors within one year before the date of the filing of the bankruptcy case pursuant to § 727 of the Bankruptcy Code sufficient to bar the discharge of the debtors. From the timing and pattern of transfers involved the Court can infer they were made in contemplation of this bankruptcy filing and were made with intent to at least hinder and delay their creditors.[2] From the showing of a lack of reasonably equivalent value received in exchange for the transfers the Court can also infer an intent to defraud their creditors by these transfers.[3] On both grounds therefore a sufficient showing has been made to support the entry of judgment against the debtors. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

1. Default is hereby entered against the debtors with regard to the complaints against them under § 727(a)(2)(A) of the Bankruptcy Code.

2. A separate judgment shall be entered determining that discharge of the debtors is barred pursuant to the aforesaid section of the Bankruptcy Code.

**2.** It has been held that an intent to hinder or delay alone is sufficient to establish the requisite cause of action. *In re Colburn,* 145 B.R. 851, 859 (Bankr.E.D.Va.1992); *In re Cycle Accounting Services,* 43 B.R. 264, 271 (Bankr. E.D.Tn.1984). Moreover, as noted in the *Colburn* decision, "[b]ecause the language of Section 727(a)(2) relating to intent is in the disjunctive, an intent to hinder or delay creditors suffices." *Colburn,* 145 B.R. at 859. *See U.S. v. Ron Pair Enterprises,* 489 U.S. 235, 241–42, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1988).

**3.** The debtors would not be entitled to a contrary judgment even if they were able to show at a full trial that due to unpaid tax or other liens the amounts of the notes and mortgages taken from the son and daughter approximated the actual equity in the respective properties. By their actions immediately before bankruptcy they converted current realizable equity values into long-term note and mortgage obligations. Accordingly, the creditors and this estate will either be delayed in realizing the value of the assets or will have to offer a discount for a cash payoff. Alternatively if the estate requires litigation to avoid the transactions there will be costs and expenses for that effort. The effect of a debtor's actions in transferring assets to insiders immediately before bankruptcy in almost every case will be to at least hinder and delay creditors and permit the debtor and the insiders to "negotiate from a position of strength" concerning the assets in question. Debtors who throw the burden to the creditors by transfers to insiders in that fashion should not be rewarded with a discharge in bankruptcy.